# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEATRICE THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:20-cv-01723-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY SOCIAL SECURITY APPEAL SHOULD NOT BE DISMISSED AS UNTIMELY<br><br>FOURTEEN DAY DEADLINE |

On December 7, 2020, Aleatrice Thomas ("Plaintiff") proceeding pro se and *in forma pauperis*, filed this action seeking judicial review of the denial of disability benefits pursuant to the Social Security Act. In her complaint, Plaintiff states that she received notice that her Social Security claim had been denied on September 20, 2020. (Compl. 3,[1] ECF No. 1.) Attached to the complaint is the appeals counsel decision denying her appeal on reconsideration, dated September 20, 2020. (Id. at 6-9.)

Generally, the United States and its agencies are entitled to sovereign immunity from suit unless Congress has expressly waived immunity. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Kaiser v. Blue Cross of California, 347 F.3d 1107, 1117 (9th Cir. 2003); Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997). In the Social Security Act, the United States has waived sovereign immunity only for limited judicial review of the Social Security Administration's final decisions. Mathews v. Eldridge, 424 U.S. 319, 327 (1976). Under 42 U.S.C. § 405(g), "[a]ny

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1

individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within **sixty days** after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." (emphasis added.)  Congress has strictly limited the Court's jurisdiction of over Social Security actions.

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

In order for this Court to consider Plaintiff's Social Security appeal, she must demonstrate that she has complied with the requirements of Section 405(g), including that she has received a final decision and that this action is filed "within **sixty days** after the mailing to [her] of notice of such decision" after a hearing.  See 42 U.S.C. 405(g) (emphasis added).

In order to seek judicial review of a denial of Social Security benefits and/or disability benefits, an individual must have filed a complaint in the United States District Court within **sixty days** of receiving an adverse determination from the Appeals Council.  Here, while Plaintiff met the jurisdictional requirement by receiving a final notice that her appeal was denied, it is apparent on the face of the complaint that she did not file her appeal within the time frame provided by section 405(g).  The requirement that any appeal of the final decision be filed within sixty days is a period of limitations and may be subject to equitable tolling.  Bowen v. City of New York, 476 U.S. 467, 478, 480 (1986); Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir. 1987).

Plaintiff's Social Security application was denied on reconsideration on September 20, 2020, and she was advised in the notice that she had sixty days to file a civil action requesting court review.  (ECF No. 1 at 6-7.)  Under the Social Security regulations, " '[m]ailing is construed as the date of receipt of the notice, which is presumed to occur five days after the date of the notice[,]" Vernon, 811 F.2d at 1277 (quoting 20 C.F.R. § 422.210(c)), and Plaintiff was

advised of such in the September 20, 2020 notice.  Further, the time frame to file any appeal of the final decision "may be extended by the Appeals Council upon a showing of good cause."  20 C.F.R. § 422.210(c).  The notice advised Plaintiff that if she was unable to file an appeal within sixty days she could ask the Appeals Council to extend her time to file.  (ECF no. 1 at 7.)

Plaintiff states in her complaint that she received the notice that the Commissioner's decision was final on September 20, 2020.  (Compl. at 3.)  Allowing for the five days from the date of the notice for mailing, Plaintiff was required to file her complaint in the district court on or before November 24, 2020.  Plaintiff did not file her complaint in this action until December 7, 2020, thirteen days after the limitations period had expired and has not alleged that she received an extension of time from the Appeals Council to seek judicial review of the final decision.  Therefore, it appears from the face of Plaintiff's complaint that this action was untimely filed and should be dismissed.

Accordingly, IT IS HEREBY ORDERED THAT, within **fourteen (14) days** of the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as untimely filed.

IT IS SO ORDERED.

Dated:  **January 13, 2021**

UNITED STATES MAGISTRATE JUDGE