1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEATRICE THOMAS,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No.  1:20-cv-01723-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING PLAINTIFF'S SOCIAL SECURITY APPEAL AS UNTIMELY<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Aleatrice Thomas ("Plaintiff") proceeding pro se and *in forma pauperis*, filed this action seeking judicial review of the denial of disability benefits pursuant to the Social Security Act. Currently before the Court is Plaintiff's complaint, filed on December 7, 2020.  The matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## I.

### SCREENING STANDARD

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70

F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## DISCUSSION

Plaintiff received notice that her Social Security claim had been denied on September 20, 2020. (Compl. 3,[1] ECF No. 1.) The complaint states she has a bulging disc in her L4 and a

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

1   deteriorating disc in her back, carpal tunnel in both wrists and arthritis in her back.  (Id. at 4.)

2   She asks how that is not a disability.  (Id.)  She contends that the Commissioner's decision was

3   based on legal error because her injuries are permanent.  (Id.)  Attached to the complaint is the

4   appeals counsel decision denying her appeal on reconsideration, dated September 20, 2020.  (Id.

5   at 6-9.)

6        Generally, the United States and its agencies are entitled to sovereign immunity from suit

7   unless Congress has expressly waived immunity.  F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994);

8   Kaiser v. Blue Cross of California, 347 F.3d 1107, 1117 (9th Cir. 2003); Hodge v. Dalton, 107

9   F.3d 705, 707 (9th Cir. 1997).  "Any waiver of immunity must be 'unequivocally expressed,' and

10  any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto

11  are not to be implied.' "  Hodge, 107 F.3d at 707 (quoting Lehman v. Nakshian, 453 U.S. 156,

12  160-61 (1981).)

13       In the Social Security Act, the United States has waived sovereign immunity only for

14  limited judicial review of the Social Security Administration's final decisions.  Mathews v.

15  Eldridge, 424 U.S. 319, 327 (1976).  Under 42 U.S.C. § 405(g), "[a]ny individual, after any final

16  decision of the Commissioner of Social Security made after a hearing to which he was a party,

17  irrespective of the amount in controversy, may obtain a review of such decision by a civil action

18  commenced within sixty days after the mailing to him of notice of such decision or within such

19  further time as the Commissioner of Social Security may allow."  Congress has strictly limited

20  the Court's jurisdiction of over Social Security actions.

21       No findings of fact or decision of the Commissioner of Social Security shall be
         reviewed by any person, tribunal, or governmental agency except as herein
22       provided.  No action against the United States, the Commissioner of Social
         Security, or any officer or employee thereof shall be brought under section 1331
23       or 1346 of Title 28 to recover on any claim arising under this subchapter.

24  42 U.S.C. § 405(h).

25       In order for this Court to consider Plaintiff's Social Security appeal, she must

26  demonstrate that she has complied with the requirements of Section 405(g), including that she

27  has received a final decision and that this action is filed "within sixty days after the mailing to

28  [her] of notice of such decision" after a hearing.  See 42 U.S.C. 405(g).

To comply with 405(g) an individual must exhaust administrative remedies in order to challenge the denial of Social Security benefits. This means that before challenging a denial of benefits or the amount received, a claimant must file for reconsideration of that decision with the Social Security Administration. 20 C.F.R. §§ 404.905, 404.909. If an adverse decision is rendered, an individual may request that an administrative law judge ("ALJ") hold a hearing. 20 C.F.R. § 404.929. If the ALJ issues an adverse decision, an appeal may be filed with the Appeals Council. 20 C.F.R. § 404.955. Any appeal to the Appeals Council must be filed within sixty days of the ALJ's decision. 20 C.F.R. § 404.968. Once the Appeals Council issues its decision, a claimant can file a complaint in the United States District Court, but this complaint must be filed within sixty days of the Appeals Council's order. 42 U.S.C. § 405(g).

In order to seek judicial review of a denial of Social Security benefits and/or disability benefits, an individual must have followed the appeals process outlined above including filing a complaint in the United States District Court within sixty days of receiving an adverse determination from the Appeals Council. Here, it is apparent on the face of Plaintiff's complaint that she did not file her appeal within the time frame provided by section 405(g).

On January 13, 2021, an order issued requiring Plaintiff to show cause why this action should not be dismissed as being untimely filed. (ECF No. 6.) The order advised Plaintiff that the sixty day filing period may be subject to equitable tolling and provided that she was to show cause why this action should not be dismissed within fourteen days. (Id. at 2, 3.) More than fourteen days have passed and Plaintiff has not responded to the January 13, 2021 order.

Plaintiff's Social Security application was denied on reconsideration on September 20, 2020, and she was advised in the notice that she had sixty days to file a civil action requesting court review. (ECF No. 1 at 6-7.) Here, Plaintiff states in her complaint that she received the notice that the Commissioner's decision was final on September 20, 2020. (Compl. at 3.) Plaintiff did not file her complaint in this action until December 7, 2020, seventy-eight days after the date on the notice.

Plaintiff's Social Security application was denied on reconsideration on September 20, 2020, and she was advised in the notice that she had sixty days to file a civil action requesting

court review. (ECF No. 1 at 6-7.)   Under the Social Security regulations, " '[m]ailing is construed as the date of receipt of the notice, which is presumed to occur five days after the date of the notice[,]" Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir. 1987) (quoting 20 C.F.R. § 422.210(c)), and Plaintiff was advised of such in the Appeals Council's September 20, 2020 notice.  The time frame to file any appeal of the final decision "may be extended by the Appeals Council upon a showing of good cause."  20 C.F.R. § 422.210(c).  The September 20, 2020 notice advised Plaintiff that if she was unable to file an appeal within sixty days she could ask the Appeals Council to extend her time to file.  (ECF No. 1 at 7.)

Plaintiff states in her complaint that she received the notice that the Commissioner's decision was final on September 20, 2020.  (Compl. at 3.)  Allowing for the five days from the date of the notice for mailing, Plaintiff was required to file her complaint in the district court on or before November 24, 2020.  Plaintiff did not file her complaint in this action until December 7, 2020, thirteen days after the limitations period had expired and has not alleged that she received an extension of time from the Appeals Council to seek judicial review of the final decision.

Plaintiff was ordered to show cause why this action should not be dismissed as untimely filed within fourteen days of January 13, 2021, and has not responded to the January 13, 2021 order.  Accordingly, it is apparent on the face of Plaintiff's complaint that this action was untimely filed and should be dismissed.  Plaintiff has not demonstrated that equitable tolling would apply to extend her time to file a complaint in the district court.  The Court recommends that this action be dismissed as untimely.

## III.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff's complaint was untimely as it was not filed within sixty days of the Appeals Council's notice that her claim had been denied upon reconsideration as required by 20 C.F.R. § 404.968.  Plaintiff has not demonstrated that equitable tolling would apply to extend the deadline to file an appeal of the final decision in the district court.

/ / /

1    Based on the foregoing, it is HEREBY RECOMMENDED that this action be
2    DISMISSED as untimely filed.

3    This findings and recommendations is submitted to the district judge assigned to this
4    action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **thirty (3)**
5    **days** of service of this recommendation, Plaintiff may file written objections to this findings and
6    recommendations with the court.  Such a document should be captioned "Objections to
7    Magistrate Judge's Findings and Recommendations."  The district judge will review the
8    magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).
9    Plaintiff is advised that failure to file objections within the specified time may result in the
10   waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing
11   Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

12
13   IT IS SO ORDERED.

14   Dated:   **February 3, 2021**

     UNITED STATES MAGISTRATE JUDGE

15
16
17
18
19
20
21
22
23
24
25
26
27
28